Nicholson, C. J.,
delivered tbe opinion of tbe court:
Hilliard Mack was convicted of voluntary manslaughter in tbe criminal court at Memphis, and sentenced to ten years in tbe penitentiary.
It is argued tbat tbe judgment ought to be reversed because it does not appear tbat tbe defendant was tried at tbe courthouse of Shelby county. Tbe record shows tbat defendant was indicted at tbe September term, 1874, of tbe criminal court, and tbat tbe court was then held at the courthouse in Memphis. It shows tbat defendant was ar *567 raigned at that time and plead not guilty, and that by consent the cause was continued to the January term, 1875.
It shows, further, that at the January term, 1875, defendant was tried on the plea of not guilty, and was found guilty of voluntary manslaughter. But there is' an omission to insert in the record, the caption, showing the organization of the court at the January term, 1875. By sec. 5242 of the Code [Shannon’s Code, sec. 7217],-defendant is not entitled to a new trial, or to an arrest of judgment, or to a reversal of judgment on account of this omission. The presumption is that the omitted caption shows that the court was held at the' place prescribed by law.
2. It is next argued that the venue is not sufficiently proved. Wilson Johnson proves that the deceased and defendant lived on the same place, and their fences joined, in Shelby county, Tennessee, and that deceased died at his home in Shelby county, and that deceased’s house was twenty-five or thirty steps from defendant’s house, near the chimney of which the killing took place. We think this evidence was sufficient to authorize the jury to' find that the killing occurred in Shelby county.
3. It is insisted that the verdict is not supported by the evidence. Two witnesses were present, and saw the difficulty, which resulted in the killing of the deceased, by the blow with the edge of an axe, which split the skull iof deceased and caused his death. According to the testimony of one witness, Jacob Clements, the verdict might very well have been for a much higher offense. According to the testimony of the other witness, Henry Mack, a son of defendant, from five to seven years of age, the verdict could not have been for a less ofíense than that of voluntary manslaughter. He says that the deceased was advancing rrpon his father, that deceased had a hatchet, and his father had an axe; that his father was backing with the axe, making motions with it as if keeping deceased back, as he advanced with the hatchet.
*568 But tbe proof of Clements and Henry Mack both show that defendant was in fault in provoking and inducing the deceased to follow after him, and the fair inference is that he brought about the difficulty with the view of executing threats which he had made only a few minutes before-. These threats are proved by Clements, and he is not contradicted by the little boy. Clements also proves expressly that the deceased had no hatchet, in this directly contradicting the other witness. Johnson proves that very soon after the killing defendant told him he killed deceased because he accused him of stealing his peaches.
Upon the whole we are satisfied that the verdict is fully sustained by the proof.
The judgment is affirmed.